UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

COURT FILE NO: CV-

| | |
|---|---|
| APRIL MAGSAMEN<br>     Plaintiff<br>v.<br>NRA GROUP, LLC d/b/a NATIONAL RECOVERY AGENCY<br>     Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED |

COMPLAINT

I. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices.

2. Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

II. PARTIES

3. Plaintiff, April Magsamen ("Plaintiff") is a natural person residing in Chester County, Pennsylvania. Because Plaintiff is allegedly obligated to pay a debt that is the subject of this case was primarily used for family, personal or household purposes, she is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant NRA Group, LLC d/b/a National Recovery Agency ("MCM") is a Pennsylvania corporation and, at all times relevant herein, operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and acted by and through its owners, managers, officer, shareholders, authorized representatives, attorneys, partners, employees, agents and/or workmen.

5. Defendant, at all times relevant hereto, are persons who used an instrumentality of Interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts.

### III. FACTUAL ALLEGATIONS

6. On or about December 8, 2015, Plaintiff received a phone message from a representative of Defendant.

7. The message stated the following:

"This is Miss Johnson and I have an important message from NRA Group, LLC. This is a call from a debt collector. Please call 1-800-360-4319".

8. The message failed to include the "Mini-Miranda" warning required under 15 U.S.C. § 1692e(11).

9. The aforesaid phone message was the initial communication with Plaintiff by Defendant.

10. Plaintiff failed to send Defendant a letter within five (5) days as required under 15 U.S.C. § 1692g.

11. The aforesaid acts are false, misleading and deceptive under the FDCPA.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. section 1692, et seq.

12. Plaintiff incorporates his allegations of paragraphs 1 through 11 as though set forth at length herein.

13. Defendant's actions as aforestated are overshadowing, false, deceptive, material, and misleading to Plaintiffs as follows:

   (a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person;

   (b)   Defendant violated 15 U.S.C. § 1692e(11) by failing to give the "mini-Miranda warning when communicating with Plaintiff.;

   (c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

   (d)   Defendant violated 15 U.S.C. § 1692g by sending collection notices to Plaintiff which fails to effectively provide Plaintiff with the Validation Rights Notice.

14.   As a direct and proximate result of Defendant's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, frustration, fear, embarrassment, and humiliation.

15.   Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs in accordance with 15 U.S.C. § 1692k.

## CLAIMS FOR RELIEF

17.   Plaintiff incorporates her allegations of paragraphs 1 through 16 as though set forth at length herein.

18.     The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

19.     As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, April Magsamen, prays that judgment be entered against Defendant, for the following:

(1)     Actual damages;

(2)     Statutory damages each in the amount of $1,000.00;

(3)     Reasonable attorneys' fees and costs;

(4)     Declaratory judgment that the Defendants conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

_____
Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire

Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 50
Wayne, PA 19087
(610) 293-9399
(610) 293-9388 (Fax)
michael@mforbeslaw.com